1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| EDGAR AGUILAR,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, FERNANDO ALVAREZ, and BRIAN TAYLOR,<br><br>    Defendants. | Case No. 1:23-cv-01512-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO PERMIT PLAINTIFF TO PROCEED ON COGNIZABLE CLAIM AND DISMISS REMAINING CLAIMS[1]<br><br>(Doc. No. 12)<br><br> 14-DAY DEADLINE |

Plaintiff Edgar Aguilar is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds on his Second Amended Complaint. (Doc. No. 12, "SAC"). As more fully set forth below, the undersigned finds the SAC states claims for Eighth Amendment deliberate medical indifference and a state law claim for intentional infliction of emotional distress against Defendant Taylor but fails to state any other cognizable claims against the California Department of Corrections and Rehabilitation ("CDCR") or Defendant Alvarez. Therefore, the undersigned recommends that Plaintiff be allowed to proceed only on the above claims against Defendant Taylor and the remaining claims be

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

dismissed without prejudice.

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

**A. Procedural History**

Plaintiff initiated this action by filing a Complaint under 42 U.S.C. 1983. (Doc. No. 1). On November 30, 2023, the undersigned screened the Complaint and found that it failed to state a claim. (Doc. No. 7). Plaintiff timely filed a First Amended Complaint. (Doc. No. 8, "FAC"). Prior to the Court screening the FAC Plaintiff filed a Second Amended Complaint. (Doc. No. 12, "SAC"). On March 14, 2024, the undersigned issued a Screening Order finding the SAC stated cognizable claims for Eighth Amendment deliberate medical indifference and intentional infliction of emotional distress against Defendant Taylor but failed to state any other claim. (Doc. No. 13). Plaintiff was afforded the option to either (1) voluntarily dismiss the remaining claims not deemed cognizable, or (2) stand on his SAC subject to the undersigned filing a Findings and Recommendation to dismiss the claims deemed not cognizable. (*Id*. at 12-13). On April 2, 2024, Plaintiff filed a Notice indicating he intends to stand on his SAC. (Doc. No. 14).

**B. Summary of the SAC**

The events giving rise to the SAC took place at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, CA. (*Id*. at 2 ¶ 7). Plaintiff names as Defendants (1) the California Department of Corrections and Rehabilitation ("CDCR"), (2) Correctional Officer Fernando Alvarez, and (3) Correctional Sgt. Brian Taylor. (*Id*. at 2-3 ¶¶ 8-10). The following facts are presumed true at this stage of the screening process.

On March 7, 2021, sometime "after 12 pm" Plaintiff was transported to Kaweah Delta Medical Center for treatment of approximately 31 puncture wounds and lacerations. (*Id*. at 3 ¶ 11). The same day "after 5 pm," Plaintiff was released from the medical center and returned to SATF. (*Id.* ¶ 13). Plaintiff was placed in two different holding cells and, after medical staff logged his injuries, he was transferred to Cell #108. (*Id*. at 3-4 ¶¶ 13-15).

Approximately four hours after being transferred to Cell #108, Plaintiff's "pain escalated to an excruciating level." (*Id*. at 4 ¶ 16). Plaintiff "hopped on his right foot – causing his other injuries to flare up – to the door to wait" for Defendant Alvarez, who was conducting security

checks. (*Id*. ¶ 17). At approximately 12:30 a.m., when Defendant Alvarez passed Plaintiff's cell, Plaintiff informed him that he wanted to go "man down." (*Id*. ¶ 20). Plaintiff "had a laceration of about 2 to 2.5 inches" on his face that was covered in blood, as well as "splotches of blood on his white t-shirt at his right shoulder" due to some of his wounds not being closed or sutured. (*Id*. ¶ 19). Alvarez told Plaintiff that he would return. (*Id*. at 5 ¶ 22). The SAC notes that security checks were performed every 30 minutes in Short-Term Restricted Housing ("STRH") where Plaintiff was housed on March 7, 2021. (*Id*. at 2-3 ¶ 8).

On his next round of security checks, Alvarez returned to Plaintiff's cell and asked him what was wrong; Plaintiff responded that he had had severe pain in his left foot. (*Id*. at 5 ¶¶ 23-24). Alvarez told Plaintiff that he would inform his Sergeant, Defendant Taylor. (*Id*. ¶ 25). Approximately two security rounds passed before Defendant Taylor came to Plaintiff's cell and asked him what was wrong. (*Id*. ¶ 26). Plaintiff told Taylor that he wanted to go "man down" due to the pain in his foot and wanted to go back to the hospital. (*Id*. ¶ 27). Defendant Taylor asked Plaintiff if he could move his foot, to which Plaintiff replied that he could not. (*Id*. ¶ 28). Defendant Taylor told Plaintiff that he could not return to the hospital and that if he went "man down" he would only be able to go to the CTC (prison infirmary) for a couple of hours and be brought back. (*Id*. ¶ 29). Plaintiff stated he did not care and wanted to go "man down" anyway. (*Id*. ¶ 30). Defendant Taylor left and did not return. (*Id*. ¶ 31). After one or two more security checks passed, Plaintiff began yelling "man down 108!" prompting other inmates to begin yelling "man down 108!" as well. (*Id*. at 5-6 ¶¶ 32-33). After several minutes Plaintiff stopped yelling, because he "realized no-one was coming" and hopped back to bed. (*Id*. at 6 ¶ 34). After "several more hours of excruciating pain . . . exhaustion finally took over and Plaintiff finally passed out." (*Id*. ¶ 35). The SAC asserts "upon information and belief" that Defendants Alvarez and Taylor "were made aware of [his] medical condition when being briefed at the beginning of [their] shift." (*Id*. ¶ 36).

Based on the facts alleged, the SAC asserts Eighth Amendment claims of deliberate medical indifference against Defendants Alvarez and Taylor for their refusal "to call the Emergency Medical Response Team" to treat Plaintiff and state law claims of intentional

3

1  infliction of emotional distress and violation of Cal. Govt. Code §§ 844.6 and 845.6.  (*Id*. at 6-7).

2  As relief, Plaintiff seeks compensatory and punitive damages, and costs of suit.  (*Id*. at 7-8).

### APPLICABLE LAW AND ANALYSIS

**A. Screening Requirement**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

**B. Claims Against CDCR**

Plaintiff sues the CDCR in its individual capacity, but as Plaintiff was previously advised, doing so "makes no sense because the CDCR is not an individual." *See Lopez v. California Dep't of Corr. & Rehab.*, 2013 WL 5675518, at *4 (C.D. Cal. Oct. 15, 2013); (*see also* Doc. No. 7 at 4). Nor may Plaintiff assert an official capacity claim for damages against CDCR as an arm of the state under 42 U.S.C. § 1983 because such claims are barred by the Eleventh Amendment. U.S.Const., Amend. XI; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Because Plaintiff's suit seeks only monetary damages (and indeed does not seek any relief specifically against CDCR), the SAC fails to state a claim against CDCR.

**C. Eighth Amendment Deliberate Medical Indifference**

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To maintain an Eighth Amendment claim premised on prison medical treatment, the prisoner must show that officials were deliberately indifferent to his medical needs. A finding of "deliberate indifference" involves an examination of two elements: the seriousness

of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind).  *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).  On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  On the subjective prong, a prison official must know of and disregard a serious risk of harm.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed.  *Estelle,* 429 U.S. at 104-05.

It is only when an official both <u>recognizes</u> and <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists.  *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).  A plaintiff must also demonstrate harm from the official's conduct.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  And the defendant's actions must have been both an actual and proximate cause of this harm.  *Lemire*, 726 F.3d at 1074.

Here, Plaintiff alleges that both Defendants Alvarez and Taylor were deliberately indifferent to his serious medical needs because they did not summon the Emergency Medical Response Team when he told them he wanted to go "man down."  (Doc. No. 12 at 6 ¶ 38).  As to the first prong, the Court accepts for purposes of this Screening Order that Plaintiff's complaints of "excruciating pain" following his treatment for his puncture wounds and lacerations suffices as a serious medical need.  (Doc. No. 12 at 4 ¶ 16).  Thus, the SAC alleges facts sufficient to satisfy the first prong of the deliberate medical indifference analysis.

Turning to the second prong of the analysis, the SAC sufficiently asserts a claim of deliberate indifference as to Defendant Taylor only, but not as to Defendant Alvarez.  As to Defendant Alvarez, when Plaintiff first sought assistance from him, Plaintiff merely told Alvarez that he wanted to go "man down."  (*Id*. ¶ 20).  Plaintiff did not communicate to Alvarez that he was in excruciating pain or that he had an urgent medical need, although the SAC contends that Plaintiff "displayed obvious signs of a serious medical need as he was grimacing in pain and

6

1    supporting his weight on the door with his arm." (*Id*. ¶ 18).  And although Plaintiff had
2    lacerations on his body that were readily apparent, there are no facts to indicate Defendant
3    Alvarez was aware these were causing Plaintiff pain.  (*Id*. ¶¶18-19).  Alvarez informed Plaintiff
4    that he would return and check on him, which he did.  (*Id*. ¶¶ 20-21).  Only when Alvarez
5    returned a second time did Plaintiff tell Alvarez that he was experiencing severe pain in his left
6    foot.  (*Id*. at 5 ¶ 24).  Alvarez told Plaintiff he would advise Defendant Taylor, which he
7    apparently did as Taylor came to check on Plaintiff.  (*Id*. ¶¶ 25-26).  These facts do not reflect
8    that Defendant Alvarez was deliberately indifferent to Plaintiff's serious medical need.
9    Defendant Alvarez returned to Plaintiff's cell as promised to check on him.  And after Plaintiff
10   advised Alvarez that he was experiencing severe pain in his left foot, Alvarez responded
11   appropriately by alerting his supervisor, who came to check on Plaintiff.  Moreover, "man down"
12   is to be called "only for emergencies, such as when an inmate has fallen and is unable to get up, is
13   unresponsive, appears to have difficulty breathing, is having chest pains or a seizure, or any other
14   life threatening emergency."  *Culler v. San Quentin Med. Servs*., 2015 WL 1205086, at *4 (N.D.
15   Cal. Mar. 16, 2015) (finding no deliberate indifference for failure to immediately respond to a
16   "man down" call when the plaintiff was not exhibiting life threatening symptoms but rather, was
17   conscious and ambulatory).  Plaintiff did not present any of the severe medical conditions that
18   would have made calling "man down" appropriate.  Thus, Defendant Alvarez's decision not to
19   capitulate to Plaintiff's threat to go "man down," does not constitute deliberate indifference.

20         As to Defendant Taylor, Plaintiff told him he wanted to go "man down" so he could return
21   to the hospital.  (*Id*. ¶ 27).  Plaintiff told Defendant Taylor he was experiencing severe pain in his
22   left foot and that he couldn't move his foot.  (*Id*. ¶¶ 27-28).  The SAC contends that Defendant
23   Taylor had been briefed on Plaintiff's injuries at the beginning of his shift, and that Plaintiff was
24   grimacing and obviously in significant pain when Taylor saw him.  (*Id*. at 4 ¶ 18, 6 ¶ 36).  Despite
25   advising Taylor of his severe pain and requesting to be taken to the prison infirmary, Taylor did
26   not call medical personnel to evaluate Plaintiff, provide Plaintiff the option to submit a health
27   care request, or provide any other option for Plaintiff to receive medical care.
28         Although Plaintiff does not allege he suffered some worsening of his injury as a result of

7

Defendant Taylor's failure to summon medical treatment, the Ninth Circuit has recognized that "the unnecessary continuation of [a plaintiff's] condition and pain" due to a delay in treatment constitutes a harm cognizable under section 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992); *see Chatman v. Felker*, 2014 WL 788351, at *5 (E.D. Cal. Feb. 25, 2014) *report and recommendation adopted*, 2014 WL 1513281 (E.D. Cal. Apr. 16, 2014) (denying summary judgment as to prisoner plaintiff's Eighth Amendment claim where prison staff refused to summon medical assistance for plaintiff who was in "excruciating pain," who was treated next day in the infirmary and diagnosed with gout, despite no showing of worsened condition from the delay); *see also Castellano v. Shrum*, 2023 WL 4565449, at *7 (E.D. Cal. July 17, 2023) (Eighth Amendment claim stated where prison staff delayed treating plaintiff's "debilitating" back pain for more than two hours after he called "man down"); *but see Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay in medical treatment generally only constitutes deliberate indifference if it causes further harm).

Other circuit courts have reached similar conclusions. The Sixth Circuit has held that deliberately causing a prisoner to experience "pain needlessly when relief is readily available" is an actionable harm. *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018) (quoting *Boretti v. Wiscomb*, 930 F.2d 1150, 1154–55 (6th Cir. 1991)) (finding summary judgment inappropriate as to a defendant nurse because there was a question of fact over whether the defendant intentionally scrubbed the plaintiff's wound in a manner that caused severe pain). The Eleventh Circuit has recognized that "officials violate an inmate's Eighth Amendment rights by failing to provide, unreasonably delaying[,] or providing grossly inadequate medical care that causes an inmate to 'needlessly suffer' severe pain." *Melton v. Abston*, 841 F.3d 1207, 1227 (11th Cir. 2016).

Construing the allegations in the SAC in favor of Plaintiff, the Court finds sufficient allegations to sustain an Eighth Amendment deliberate indifference claim against Defendant to survive the low threshold for screening. Taylor was aware that Plaintiff was suffering severe pain and was unable to move his foot but took no action to summon medical personnel or have Plaintiff transported to CTC so medical officials could perform an evaluation of Plaintiff's condition. *See, e.g., Anderson v. Sokoloff,* 2017 WL 3168523, at *9 (N.D. Cal. July 26, 2017)

(granting summary judgment for defendant nurse on Eighth Amendment claim where nurse refused plaintiff's requested narcotic but offered alternative pain medication or for plaintiff to go "man down" and receive a further medical evaluation).

However, as to Plaintiff's allegation that he later yelled "man down" along with other inmates, without response, this fails to state an Eighth Amendment claim. First, there is no indication that either Defendant Taylor or Defendant Alvarez were still on shift at the time Plaintiff yelled "man down." Further, there are no facts from which the Court can infer that either Defendant heard the "man down" call, and therefore no allegation that any Defendant was deliberately indifferent to Plaintiff's serious medical condition. *See, e.g., Smith v. Insurer of CDC*, 2020 WL 5535431, at *3 (E.D. Cal. Sept. 15, 2020) ("Plaintiff alleges that his dorm mates called for 'man down' and no one responded to the call. However, there are no facts that any named defendant knew of the call for man down for Plaintiff and were deliberately indifferent to Plaintiff's needs."), *report and recommendation adopted*, 2020 WL 6146387 (E.D. Cal. Oct. 20, 2020).

**D.  State Law Claims**

In addition to the Eighth Amendment claims, the SAC asserts state law claims against all Defendants for violation of Cal. Gov. Code §§ 844.6 and 845.6 and for intentional infliction of emotional distress. Plaintiff's SAC alleges compliance with the Government Claims Act, noting that Plaintiff submitted a claim to the Department of General Services regarding the incident giving rise to his claims within 6 months of the incident. (Doc. No. 12 at 2 ¶ 5). Plaintiff did not receive a response within 45 days, thus his claim is properly deemed rejected, permitting Plaintiff to proceed with his claims in federal court. (*Id.*); *See also* Cal. Gov. Code 945.4.

As discussed supra, the Eleventh Amendment generally bars federal lawsuits brought against a state. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citing *Papasan v. Allain*, 478 U.S. 265, 276209 (1986)). And because CDCR is an arm of the State of California, the Eleventh Amendment bar extends to CDCR. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (explaining that "arms of the state," such as a state's department of corrections, are not "persons" for

purposes of 42 U.S.C. § 1983 ("Section 1983")).  Therefore, Plaintiff's state law claims against CDCR, like his federal claims, are barred by the Eleventh Amendment. *See, e.g., Bedford v. California Dep't of Corr. & Rehab.*, 2020 WL 2543318, at *2 (C.D. Cal. Mar. 25, 2020) (dismissing state law claims against CDCR under Eleventh Amendment), *report and recommendation adopted*, 2020 WL 2549935 (C.D. Cal. May 15, 2020).

 1. <u>Cal. Gov. Code §§ 844.6 and 845.6</u>

California Government Code § 844.6 makes public entities immune from liability for an injury to "any prisoner." *Id*.  *See Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1069 (2013); *Resendiz v. Cty. of Monterey*, 2015 WL 3988495, at *6 (N.D. Cal. June 30, 2015). "[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 205 Cal. Rptr. 1 (1984).

One of those exceptions is set forth in section 845.6, which states that a public entity or employee is liable where the employee "knows or has reason to know that the prisoner is in need of immediate medical care and [ ] fails to take reasonable action to summon such medical care."

"Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993). "[Q]uestions about jail personnel's actual or constructive knowledge of a prisoner's need for immediate medical care as well as the reasonableness of actions taken to meet this need are factual questions." *Zeilman v. County of Kern*, 168 Cal. App. 3d 1174, 1184 (1985).

Here, the SAC alleges that Plaintiff told Defendants Alvarez and Taylor that he wanted to go "man down" because he was experiencing severe pain in his foot.  (Doc. No. 12 at 4 ¶ 20, 5 ¶¶ 23-24, 27)).  While these facts establish that Defendants Alvarez and Taylor were aware that Plaintiff was in significant pain, the SAC does not establish that Plaintiff presented Alvarez with a "serious and obvious medical condition" requiring *immediate* attention, s*ee Watson*, 21 Cal. App. 4th at 841, only that Plaintiff was "in pain."  *Compare Kinney v. Cnty. of Contra Costa*, 8 Cal. App. 3d 761, 769 (Ct. App. 1970) (finding no claim stated under Cal. Gov. Code § 845.6 where jail detainee requested and was denied pain medication) with *Pajas v. Cnty. of Monterey*,

1  2016 WL 3648686, at *14 (N.D. Cal. July 8, 2016) (claim stated under section 845.6 where
2  decedent was in "obvious physical distress" after being hit by officer's car while riding a bicycle
3  and being placed in a holding cell, but officer failed to summon medical care for four hours) and
4  *Ebert v. Cnty. of San Bernardino*, 2023 WL 5505915, at *2 (C.D. Cal. June 14, 2023) (finding
5  claim stated under section 845.6 where plaintiff was suffering from severe and traumatic injuries
6  after being beaten by fellow inmates, but jail staff did not summon or provide necessary medical
7  care for weeks). Because Defendants Alvarez and Taylor did not know or have reason to know of
8  Plaintiff's need for immediate medical attention, their failure to summon medical care for
9  Plaintiff does not set forth a claim under Cal. Gov. Code § 845.6.

## 2. Intentional Infliction of Emotional Distress

There are three elements of an IIED claim in California: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am.*, LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted). Conduct is "outrageous" or "extreme" where it "exceed[s] all bounds of that usually tolerated in a civilized society." *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (internal quotation and citation omitted).

Plaintiff fails to allege a cognizable claim IIED as to Defendant Alvarez. After Plaintiff first told Defendant Alvarez he wanted to go "man down," Alvarez left and returned 30 minutes later to check on Plaintiff. (Doc. No. 12 at 4-5 ¶¶ 20, 22). After further discussion with Plaintiff and learning that Plaintiff was in severe pain, Alvarez reported Plaintiff's medical concerns to his supervisor, who followed up within an hour. (*Id*. at 5 ¶¶ 24-26). Even if Alvarez's response was not perfect, it was not "extreme and outrageous" conduct that "exceeds all bounds of that usually tolerated in a civilized society." *Schneider*, 938 F.2d at 992.

As to Defendant Taylor, despite Plaintiff advising Taylor of his severe pain and requesting to be taken to the prison infirmary, Taylor did not call medical personnel to evaluate Plaintiff, provide Plaintiff the option to submit a health care request, or provide any other option for

1  Plaintiff to receive medical care.  Taylor simply left and did not return or order any further
2  monitoring of Plaintiff's condition.  As a result, Plaintiff alleges he experienced "excruciating
3  physical pain, mental anguish, anxiety, frustration, depression, humiliation, and helplessness."
4  (Doc. No. 12 at 7 ¶ 43).  Defendant Taylor's conduct may be considered extreme and outrageous
5  in light of his awareness of the great pain Plaintiff was experiencing.  *See Roper v. Los Angeles*
6  *Cnty. Metro. Transportation Auth.,* 2017 WL 11633679, at *2 (C.D. Cal. Nov. 27, 2017) (finding
7  IIED claim adequately alleged where bus driver refused to call medical assistance after lowering
8  handicap ramp onto disabled plaintiff's foot, causing "an immense sharp and throbbing pain" in
9  her foot); *see also Ross v. Creel Printing & Publishing Co.,* 100 Cal.App.4th 736, 744-45 (2002)
10 (IIED can be based on the "reckless disregard of the probability of causing severe emotional
11 distress"); *Thomas v. Hickman*, 2007 WL 470611, *15 (E.D. Cal. 2007) ("It is enough that
12 defendant devoted little or no thought to the probable consequences of his conduct.") (internal
13 quotation marks omitted).  Accordingly, the SAC adequately alleges an IIED claim against
14 Defendant Taylor.

**CONCLUSION**

16  For the reasons set forth above, the undersigned finds that Plaintiff states cognizable
17 claims for Eighth Amendment deliberate medical indifference and state law intentional infliction
18 of emotional distress against Defendant Taylor, but no other claim.  The undersigned therefore
19 recommends Plaintiff be permitted to proceed on the above claims and the remaining claims be
20 dismissed.

21  Accordingly, it is hereby **ORDERED**:

22  The Clerk of Court randomly assign this case to a district judge for consideration of these
23 Findings and Recommendations.

24  It is further **RECOMMENDED**:

25  1.  This action proceed only on Plaintiff's Eighth Amendment deliberate medical
26 indifference and state law intentional infliction of emotional distress claims against Defendant
27 Taylor.

28  2.  The remaining claims in the SAC be dismissed from this action based on

Plaintiff's failure to state claims upon which relief may be granted.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    April 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE