**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR AGUILAR,<br><br>             Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>             Defendants. | Case No. 1:23-cv-01512 JLT HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 16) |

Edgar Aguilar is a state prisoner proceeding pro se and *in forma pauperis* on his second amended complaint ("SAC") filed pursuant to 42 U.S.C. § 1983. (Doc. 12.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2024, the assigned magistrate judge issued Findings and Recommendations to permit Plaintiff's SAC to proceed on his claims against Defendant Taylor for Eighth Amendment deliberate medical indifference and intentional infliction of emotional distress but to dismiss the remaining claims and Defendants Alvarez and California Department of Corrections and Rehabilitation . (*See* Doc. 16.) Plaintiff timely filed Objections. (Doc. 17.) Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the objections, the Court concludes the Findings and Recommendations to be supported by the record and by proper analysis.

1    Plaintiff contends that the magistrate judge erred in three ways. First, he disputes the
2    finding that his SAC failed to state a deliberate medical indifference claim against Defendant
3    Alvarez. (Doc. 17 at 2.) He cites CDCR's Health Care Department Operations Manual ("HC
4    DOM"), which states in relevant part that "Patients may request medical attention for
5    urgent/emergent health care needs from any CDCR employee. The employee shall, in all
6    instances, notify health care staff." HC DOM Section 3.7.1(d)(1)(A). Plaintiff thus argues that
7    Alvarez did not act reasonably when he alerted his supervisor, rather than medical staff, about
8    Plaintiff's request to go "man down." (Doc. 17 at 2.) However, the mere fact that Defendant
9    Alvarez may not have adhered to prison regulations concerning emergency medical care does not
10   establish that he acted with deliberate indifference to Plaintiff's serious medical needs. *See*
11   *Solomon v. Felker*, No, 2:08–cv–02544 JFM P, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24,
12   2013) ("Plaintiff's allegation that the defendants failed to adhere to the prison's own institutional
13   policies and procedures does not, by itself" give rise to a constitutional violation); *Sandin v.*
14   *Conner*, 515 U.S. 472, 481–82, (1995) (recognizing prison regulations are "primarily designed to
15   guide correctional officials in the administration of a prison" and are "not designed to confer
16   rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to
17   adhere to administrative regulations does not equate to a constitutional violation.").

18   The Findings and Recommendations correctly concluded that Alvarez's actions do not
19   reflect deliberate indifference to Plaintiff's medical needs, even viewing the allegations in a light
20   most favorable to Plaintiff. After first speaking with Plaintiff about his request to go "man down,"
21   Alvarez told Plaintiff he would return in 30 minutes and did so, at which time Plaintiff provided
22   more detail regarding his medical needs. (Doc. 12, ¶¶ 8, 20, 23-25.) Alvarez then passed the
23   information on to his supervisor, Defendant Taylor, who came to check on Plaintiff
24   approximately an hour later. (*Id*., ¶¶ 27-28). Even if Alvarez did not follow the appropriate
25   procedure in alerting his supervisor rather than medical staff, these facts reflect reasonable
26   diligence in attending to Plaintiff's medical needs rather than deliberate indifference.

27   Plaintiff's second objection is to the finding that the SAC fails to allege a claim of failure
28   to summon medical care against Defendants Taylor and Alvarez under Cal. Govt. Code § 845.6.

2

1    Plaintiff contends that he was suffering from "a serious and obvious medical need" triggering
2    Defendants' statutory duty to summon medical assistance. He points to *Zeilman v. County of*
3    *Kern*, 168 Cal. App. 3d 1174 (1985), for support. In that case, plaintiff was in the process of
4    being booked into the county jail and was using crutches due to a prior injury. *Id*. at 1177. After
5    booking was complete, a booking deputy pointed Plaintiff to a chair and she attempted to walk to
6    it using her crutches, but slipped and fell before she reached the chair and sustained injuries. *Id.*
7    The trial court granted summary judgment for Defendants, but the California Court of Appeal
8    reversed, finding inter alia that because, as plaintiff's attorney observed, plaintiff was in an
9    "aggitated [sic], emotional and weakened condition [at the time of the fall] which was easily
10   apparent to [plaintiff's attorney] and any other person in his vicinity" there was a triable issue
11   whether plaintiff was experiencing a need for immediate medical attention, and that defendants'
12   failure to provide it caused her subsequent injuries. *Id.* at 1178. *Zeilman* does not, however, stand
13   for the proposition that pain alone constitutes a serious and obvious medical condition requiring
14   immediate medical attention, and indeed other courts have found to the contrary. *See Kinney v.*
15   *Contra Costa County*, 8 Cal. App. 3d 761, 770 (1970) (no liability for failure to provide medical
16   care when prisoner complained of a bad headache and requested medication); *see also Whorton v.*
17   *Cnty. of Calaveras,* 2003 WL 21696226, at *7 (Cal. Ct. App. July 22, 2003) (unpublished) ("A
18   prisoner with a serious and obvious medical condition requiring immediate care might include,
19   for example, one who is bleeding profusely, unconscious, or unable to move.").
20          Unlike the petitioner in *Zeilman*, Plaintiff alleges that he suffered from severe pain in his
21   foot but does not cite any authority supporting his claim that this constitutes a serious and obvious
22   injury for purposes of § 845.6. Nor does he allege that any injury or worsening of his condition
23   resulted from Defendants' failure to summon immediate medical care. Thus, the Findings and
24   Recommendations correctly concluded that the SAC fails to allege facts establishing that Plaintiff
25   experienced a need for immediate medical attention that triggered a duty to summon medical care
26   under California Government Code § 845.6.
27          Plaintiff's third objection is that the magistrate judge erred in finding that his claims
28   against CDCR were barred by the Eleventh Amendment. Though CDCR may be held liable under

1  California Government Code § 845.6 for an employee's failure to summon medical care, this
2  state law claim is not normally cognizable in federal court when brought against a state entity. *See*
3  *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984) (Eleventh Amendment
4  immunity applies to state law claims brought in federal court). As numerous other cases have
5  concluded, California has not consented to suit in federal court under California Government
6  Code § 845.6; as a result, the CDCR is immune from damages claims in federal court under that
7  statute. *Arellano v. Guldseth*, No. 20-CV-1633 TWR (RBM), 2020 WL 6381896, at *5 (S.D. Cal.
8  Oct. 30, 2020) (collecting cases); *see also Keel v. CDCR*, No. 1:05-CV-01298-AWI-LJO, 2006
9  WL 1523121, at *2 (E.D. Cal. May 30, 2006), *report and recommendation adopted sub nom.*
10 *Keel v. CDCR*, 2006 WL 2501527 (E.D. Cal. Aug. 28, 2006) (Eleventh Amendment barred state
11 law claims against CDCR notwithstanding the text of Cal. Gov. Code §§ 815.2(a) and 845.6).
12 Therefore, the Court ORDERS:
13     1. The Findings and Recommendations, filed on April 30, 2024, (Doc. 16), are
14        **ADOPTED IN FULL**.
15     2. Plaintiff shall be permitted to proceed on his claims against Defendant Taylor for
16        Eighth Amendment deliberate medical indifference and state law intentional
17        infliction of emotional distress, but the remaining claims and Defendants are
18        **DISMISSED**.
19     3. The matter is remanded to the assigned magistrate judge for further proceedings.
20
21 IT IS SO ORDERED.
22     Dated:   **June 15, 2024**                                   _Jennifer L. Thurston_
                                                                 UNITED STATES DISTRICT JUDGE

4