UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR AGUILAR, | Case No. 1:23-cv-01512-HBK (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES[1] |
| v. | |
| BRIAN TAYLOR, | (Doc. No. 28) |
| Defendant. | |

Plaintiff Edgar Aguilar, a state prisoner, is proceeding pro se and *in forma pauperis* on his Second Amended Complaint ("SAC") stemming from events that allegedly occurred while Plaintiff was confined at the California Substance Abuse and Treatment Facility ("CSATF"). (*See* Doc. No. 12). The SAC proceeds on Plaintiff's claims against Defendant Taylor for Eighth Amendment deliberate medical indifference and a state law claim of intentional infliction of emotional distress. (*See* Doc. No. 18 at 4). On August 12, 2024, Defendant filed an answer to the SAC asserting nine affirmative defenses and reserved the right to assert further affirmative defenses.[2] (Doc. No. 23). On October 15, 2024, Plaintiff filed a motion to strike Defendant's

---

[1] Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1). (Doc. No. 30).

[2] Plaintiff refers to this as Defendant's tenth affirmative defense. (Doc. No. 28 at 2, 8). In the interest of brevity, the Court will do likewise.

affirmative defenses one, four, seven, nine and ten. (Doc. No. 28). On November 5, 2024, Defendant filed a timely response in opposition. (Doc. No. 31). For reasons set forth below, the Court will grant Plaintiff's Motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a non-exhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). "An affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Smith v. Cobb*, 2017 WL 3887420, at *2 (S.D. Cal. Sept. 5, 2017) (citations omitted). Accordingly, the defendant has the burden to prove an affirmative defense. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). Allegations that merely claim the plaintiff cannot meet its burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). As a general rule, an affirmative defense may be deemed insufficient either as a matter of law or as a matter of pleading. *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp.3d 986, 991 (E.D. Cal. 2016). A legally insufficient affirmative defense "lacks merit under any set of facts the defendant might allege." *Id*. The Ninth Circuit has long held that an affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez*, 188 F.Supp.3d at 991. "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense." *Gomez*, 188 F.Supp.3d at 992; *United States v. Gibson Wine Co.*, 2016 WL 1626988 (E.D. Cal. Apr. 25, 2016). Although the fair notice bar is "low" and does not require "great

1  detail" it does require "some factual basis for its affirmative defense." *Gomez*, 188 F.Supp.3d at
2  992; *Gibson Wine*, 2016 U.S. Dist. LEXIS 55053 at *13, 2016 WL 1626988.  Thus, bare
3  references to doctrines or statutes are unacceptable because they "do not afford fair notice of the
4  nature of the defense pleaded." *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 U.S. Dist.
5  LEXIS 55053 at *14, 2016 WL 1626988.  If an affirmative defense is stricken, in the absence of
6  prejudice, "leave to amend should be freely given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824,
7  826 (9th Cir.1979).

## II. ANALYSIS

The Court addresses each challenged affirmative defense and Defendant's response in seriatim.

### A. First Affirmative Defense: Lack of Required Mental State for Punitive Damages

As his first affirmative defense, Defendant asserts that "he did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore is not liable for punitive damages." (Doc. No. 23 at 7).  Plaintiff argues this is not an affirmative defense but rather an attack on Plaintiff's prima facie case. (Doc. No. 28 at 4).  Moreover, Plaintiff asserts it is redundant to the denials in Plaintiff's answer and should be denied on both grounds. (*Id*.).  In his Opposition, Defendant contends that the affirmative defense provides fair notice and does not prejudice Plaintiff but does not explain why it is a valid affirmative defense. (Doc. No. 31 at 3).

"[D]enial of [liability for] punitive damages is not an affirmative defense, but rather is an assertion that Plaintiff has not proved essential elements of [his] claim." *Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013); citing *Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Weddle v. Bayer AG Corp.*, 2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012).  Because Defendant's Answer denies Plaintiff's factual allegations and disclaims any liability for Plaintiff's three claims (*see generally* Doc. No. 23) this defense is redundant and unnecessary. See Fed. R. Civ. P. 12(f); *see also Roe*, 289 F.R.D. at 610.  Accordingly, the Court will grant Plaintiff's Motion and strike the First Affirmative Defense.

////

3

**B. Fourth Affirmative Defense: Res Judicata and Collateral Estoppel**

As his fourth affirmative defense, Defendant asserts that "[t]o the extent that Plaintiff has previously litigated the issues raised in this Second Amended Complaint, the Second Amended Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel." (Doc. No. 23 at 4-5).

Plaintiff argues this defense is both factually and legally insufficient because Defendant "does not cite any case in which Mr. Aguilar has litigated the merits of his claims" and "there is no set of facts or circumstances where Mr. Taylor can be successful with this defense." (*Id*. at 1-2). Defendant notes that at least one court has found a conclusory reference to res judicata was sufficient to survive a motion to strike, and thus contends it should not be stricken here. (Doc. No. 31 at 4).

While the fair notice bar is "low" and does not require "great detail" it does require "some factual basis for its affirmative defense." *Gomez*, 188 F.Supp.3d at 992*; see also G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary for fair notice to plaintiff). Because Defendant fails to provide the basic information establishing the grounds for the affirmative defense of collateral estoppel or res judicata, he does not provide fair notice to Plaintiff. Accordingly, the Court will grant Plaintiff's Motion and strike the fourth affirmative defense.

**C. Defendant's Seventh Affirmative Defense: Emotional Injury Alone Insufficient for Liability Under PLRA**

As his seventh affirmative defense, Defendant asserts that "[t]o the extent Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. section 1997e(e)." (Doc. No. 23 at 8). Plaintiff moves to strike this affirmative defense because it "is not a proper affirmative defense as it is a limitation on recovery." (Doc. No. 28 at 6). Further, Plaintiff argues "it is a denial of [Plaintiff's] prima facie case and is redundant to the denials in [Defendant's] answer." (*Id*.). In Opposition, Defendant again cites *Smith*, 2017 WL 3887420 at *6, which found a conclusory

reference to a similar affirmative defense sufficient to survive a motion to strike. (Doc. No. 31 at 4).

However, the Court agrees with Plaintiff that this purported affirmative defense attempts to negate one of the elements of Plaintiff's claims, rather than asserting a basis for barring the claims as a matter of law. *See Leos v. Rasey*, 2016 WL 1162658, at *2 (E.D. Cal. Mar. 24, 2016) (denying affirmative defense that failure to prove physical injury would bar recovery for emotional injury). Accordingly, the Court will grant Plaintiff's Motion and strike Defendant's Seventh Affirmative Defense.

### D. Defendant's Ninth Affirmative Defense: Contributory Liability

As her ninth affirmative defense, Defendant asserts that "Plaintiff's own conduct has contributed to his damages, if any." (Doc. No. 23 at 8).

Plaintiff moves to strike Defendant's ninth affirmative defense because "contributory fault is an inapplicable defense to a § 1983 claim." (Doc. No. 28 at 7) (citing *Park v. Kitt*, 2021 WL 1210364, at *4 (E.D. Cal. Mar. 31, 2021)). As to Plaintiff's intentional infliction of emotional distress claim, Plaintiff acknowledges that contributory fault may be a valid affirmative defense, but that "it is insufficiently pled." (*Id.*). In his Opposition, Defendant contends that contributory fault is a valid affirmative defense recognized under Rule 8(c) and that it may be relevant to Plaintiff's claim for failure to summon medical care under Cal. Govt. Code 845.6, (Doc. No. 31 at 5-6).

Failure to summon medical care claim was dismissed at the screening stage. (Doc. No. 16 at 10-11; Doc. No. 18). And while contributory fault is a recognized affirmative defense if adequately pled, here Defendant provides no factual basis for the defense. Indeed, "[a] bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard." *Devermont v. City of San Diego*, 2013 WL 2898342, 2013 U.S. Dist. LEXIS 83495, at *16-17 (S.D. Cal. June 12, 2013) (unpublished) (*quoting Roe*, 289 F.R.D. at 611-12). This is particularly true given that, in this Court's analysis, it is unclear how Plaintiff's conduct contributed to the harm he allegedly suffered. Accordingly, the Court will grant Plaintiff's Motion and strike Defendant's ninth

affirmative defense.

### E. Defendant's Tenth Affirmative Defense

As his tenth affirmative defense, Defendant states:

> Because Plaintiff's Second Amended Complaint is couched in vague and conclusory terms and includes conversations and events for which Defendant lacks personal knowledge, Defendant cannot fully anticipate all affirmative defenses that may be applicable in this matter. Defendant accordingly reserves the right to assert additional affirmative defenses if such become applicable or known.

(Doc. No. 23 at 8-9). Plaintiff moves to strike the tenth affirmative defense because it is legally insufficient and redundant to assertions elsewhere in Defendant's Answer. (Doc. No. 28 at 8). Defendant acknowledges in his Opposition that this is not a proper affirmative defense but nevertheless seeks to reserve the right to amend and assert additional affirmative defenses as appropriate. (Doc. No. 31 at 6-7).

As noted above, merely reserving the right to identify future defenses is not a proper affirmative defense. *See Zivkovic*, 302 F.3d at 1088; *see also G & G Closed Cir. Events, LLC*, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ("[n]or is . . . the reservation of right to amend . . . an affirmative defense"). Accordingly, the Court will grant Plaintiff's Motion as to Defendant's and strike tenth affirmative defense.

////

////

## CONCLUSION

Generally, where a court strikes an affirmative defense, leave to amend should be given in order to attempt to cure the deficiency so long as there is no prejudice. *Wyshak*, 607 F.2d at 826; *Gomez*, 188 F.Supp.3d at 993. The Court independently cannot find prejudice given the procedural posture of this case and will therefore permit Defendant a limited time to file an amended answer to attempt to cure the pleading deficiencies discussed above.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to strike is GRANTED as to Defendant's following affirmative defenses: first, fourth, seventh, ninth, and tenth. These affirmative defenses will be

STRICKEN without prejudice.

2. **Within twenty-one (21) days of docketing of this Order**, Defendant may file an amended answer to cure the deficiencies cited herein.

Dated:   November 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE